## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | | |
|---|---|---|
| **RICHARD PHILIP** | : | |
| **SALANDER, #1414408,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **No. 2:15cv307** |
| | : | |
| **HAROLD CLARKE,** | : | |
| **Director, Virginia Department** | : | |
| **of Corrections,** | : | |
| | : | |
| **Respondent.** | : | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Richard Philip Salander ("Salander") is a Virginia inmate currently serving a twenty-five year sentence following his conviction in 2009 for three counts of using a computer to solicit a child under fifteen years of age.  His federal habeas petition under 28 U.S.C. § 2254 alleges that the state court improperly denied his claim of ineffective assistance of counsel.  Respondent moved to dismiss the petition, and the matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  For the reasons outlined below, the undersigned RECOMMENDS that the court deny Salander's claim, GRANT Respondent's motion (ECF No. 8), and DISMISS the petition.

### I.    STATEMENT OF THE CASE

In June 2009, a jury sitting in the Circuit Court for the County of Gloucester found Salander guilty of three counts of using a computer to solicit, with lascivious intent, a person he knew or had reason to know was a child younger than fifteen years of age, in violation of

Virginia Code § 18.2-374.3.  Sentencing Mem., Commonwealth v. Salander, Nos. CR08000616-00 – CR08000618-00 (ECF No. 10-1, at 1).  The charges stemmed from Salander's online communication with a police officer who posed as a thirteen-year old girl during three periods of time in 2008.  Id.  On September 28, 2009, the court followed the jury's recommended punishment and sentenced Salander to a combined twenty-five years in prison for the three counts.  Id.

Salander, by counsel, noticed his appeal to the Court of Appeals of Virginia and challenged (1) the sufficiency of the evidence to support his three convictions, (2) the constitutionality of the charges, and (3) the denial of his Batson challenge. Pet. Appeal, Salander v. Commonwealth, No. 2350-09-1 (Va. Ct. App. Apr. 21, 2010) (ECF No. 10-2, at 1-31) (citing Batson v. Kentucky, 476 U.S. 79 (1986)).  The Virginia Court of Appeals denied his appeal, holding that "[t]he Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt … appellant was guilty of violating Code § 18.2-374.3(C)."  Id. at 62. Specifically, with regard to Salander's first claim on direct appeal, the court held that his actions and statements "were not just 'words alone,' " and the Commonwealth "prove[d] beyond a reasonable doubt that appellant knew or should have known the person with whom he was communicating was less than fifteen years old." Id. at 63.  Second, the court held that Salander had not "carr[ied] his burden to prove the statute [was] unconstitutional," and finally, the Court of Appeals held that the Commonwealth had provided adequate gender-neutral reasons for all stricken jury members and rejected the Batson challenge. Id. at 66 (citing Batson, 476 U.S. 79).  The Supreme Court of Virginia refused Salander's appeal on December 9, 2010. Salander v. Commonwealth, No. 101363 (Va. Dec. 9, 2010) (ECF No. 10-3).

On November 29, 2011, Salander filed a petition for writ of habeas corpus in the Circuit Court for the County of Gloucester.  His state petition challenged his conviction on two grounds:

2

(1) His appellate counsel was constitutionally ineffective for failing to argue that the trial court had violated his due process right to present a defense when it refused to admit expert testimony.  State Habeas Pet., (ECF No. 11-1, at 3).

(2) His appellate counsel was constitutionally ineffective because he did not argue that the trial court erred when it did not recognize its authority to issue concurrent sentences.  Id. at 4.

On September 2, 2014, the Gloucester County Circuit Court denied and dismissed Salander's habeas petition.  Salander v. Clarke, No. CL110000572 (ECF No. 10-4).  The court concluded that Salander failed to meet his burden to prove either deficient performance or prejudice under Strickland v. Washington, 466 U.S. 668, 687 (1984), on both ineffectiveness claims.  Id.

As to the first claim – failure to raise the exclusion of expert testimony on appeal – the court held that counsel was not ineffective for failing to raise this issue.  Id.  Appellate counsel is given "significant latitude to develop a strategy" on appeal, and therefore has no duty to "advance every argument … urged by the appellant."  Id. at 8-9 (quoting Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000); Fitzgerald v. Bass, 366 S.E.2d 615, 625 (1988)).  The state habeas court also noted that had appellate counsel raised the issue, "[t]he trial court's decision to exclude petitioner's expert testimony would not have been reversed on appeal absent an abuse of discretion," and no such abuse was committed.  Id. at 6-8.  On the second claim – failure to argue that the court erred in not considering concurrent sentences – the state habeas court held that appellate counsel was not ineffective because no controlling authority supported Salander's argument, and therefore, counsel made a tactical decision not to raise the issue on appeal.  Id. at 10-12.

Salander appealed the habeas denial to the Supreme Court of Virginia.  Finding no reversible error, the Supreme Court of Virginia refused Salander's appeal on June 29, 2015.

3

Salander v. Clarke, No. 141754 (Va. June 29, 2015) (ECF No. 10-5).  Salander then timely filed his federal habeas petition on July 10, 2015[1] and alleged that his appellate counsel was constitutionally ineffective because he failed to argue that the trial court erred in excluding expert testimony, and this exclusion deprived him of his due process right to present a defense.[2] (ECF No. 1).

## II.      RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Habeas petitions that challenge a state's custody over a petitioner must show that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before seeking a writ of habeas corpus from a federal court, petitioners must exhaust the remedies available to them in state court or demonstrate the absence or ineffectiveness of such remedies.  28 U.S.C. § 2254(b)(1).  That is, the state prisoner must give the state court an initial opportunity to consider the alleged constitutional errors that occurred in his state trial and sentencing.  Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).  This is so because federal habeas review under § 2254 is limited to review of the state court's decision on a merits issue cognizable under federal law.[3]

---

[1]      Salander filed a petition for habeas corpus in this court on July 10, 2015.  (ECF No. 1). Salander's counsel sought leave for additional time to file a memorandum in support proffering that counsel was retained two days before the habeas filing date and was not able to submit a memorandum. (ECF No. 7).  This court denied Salander's motion for leave to file a brief in support of the petition, and instead granted Salander additional time to file a memorandum in opposition to Respondent's motion to dismiss.  (ECF No. 12).  Salander filed a brief in opposition to Respondent's motion to dismiss on September, 11, 2015.  (ECF No. 14).  The Commonwealth filed no reply, and the time for doing so has now expired.

[2]      Salander presents only one claim in his present habeas petition.  In Salander's state habeas petition, he argued that his appellate counsel was constitutionally ineffective because he did not argue that the trial court failed to recognize its authority to issue concurrent sentences.  That issue is not asserted in the present habeas petition and is not addressed by this report.

[3]      In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits," because "Section 2254(d)(1) refers, in the past tense, to a state-court

4

In order "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971). This "generally requires that the essential legal theories and factual allegations advanced in federal court be the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991) aff'd, 996 F.2d 1560 (4th Cir. 1993). In other words, Salander must have "present[ed] the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587 (E.D. Va. 2006). In his present petition, Salander argues that his appellate counsel failed to argue that expert testimony was improperly excluded at trial. (ECF No. 1). Salander also presented this claim in his state habeas petition, which he then appealed to the Supreme Court of Virginia. (ECF No. 11-1). Salander satisfies the exhaustion requirement; however, the state habeas court's decision denying habeas relief was not unreasonable.

A.    **The State Habeas Court's Decision on Salander's Exhausted Claim Was Not Contrary to, or an Unreasonable Application of, Clearly Established Federal Law.**

Exhausted state habeas claims are governed by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Under the AEDPA, federal courts may not grant relief on any claim adjudicated on the merits by the state court, unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2).

---

adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

A state court's decision is contrary to clearly established federal law if the court arrives at a conclusion opposite to one reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established federal law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413; see White v. Woodall, 134 S. Ct. 1697, 1706 (2014). To warrant relief, the state court's application must be "objectively unreasonable," not simply incorrect. Barnes v. Joyner, 751 F.3d 229, 238-39 (4th Cir. 2014) (citing Williams, 529 U.S at 411; Robinson v. Polk, 438 F.3d 350, 355 (4th Cir. 2006)). Finally, a state court makes an unreasonable determination of fact when its application of the law depends, in whole or in part, on a factual finding that is not supported by evidence in the record. See Wiggins v. Smith, 539 U.S. 510, 528 (2003).

1.    **Salander's Exhausted Ineffectiveness Claim**

In the present habeas petition, Salander asserts that he was denied his Sixth Amendment right to effective appellate counsel.[4] Salander raised this issue in his state habeas petition (ECF No. 11-1), and the Supreme Court of Virginia resolved this claim when the court refused to hear his appeal of the state habeas judgment (ECF No. 10-5).[5] To obtain relief in this court, Salander must overcome the standard set forth in § 2254(d) and show that the state court's conclusions were contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent or were based on an unreasonable determination of the facts.

---

[4]    "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI.

[5]    For purposes of § 2254 review, this court looks to the last reasoned state court judgment. See Ylst v. Nunnemaker, 501 U.S. 797, 805 (1991). For Salander's claim, that was the opinion of the Circuit Court of the County of Gloucester. See (ECF No. 10-4).

To succeed on his ineffective assistance of counsel claims, Salander must demonstrate that the state court unreasonably applied the "performance" and "prejudice" prongs of the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).[6]  To satisfy the "performance" prong of the test, Salander must show that "counsel's representation fell below an objective standard of reasonableness," such that he "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id.  To satisfy the "prejudice" prong of the test, Salander must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[7] Id. at 694.  As applied to appellate counsel's representation, the underlying inquiry is whether "counsel was objectively unreasonable" in not raising "a particular nonfrivolous issue [that] was clearly stronger than issues that counsel did present," and whether "but for his counsel's unreasonable failure to [raise an issue], he would have prevailed on his appeal." Smith v. Robbins, 528 U.S. 259, 285-86, 288 (2000).  The difficult burden is on the petitioner to show that counsel's performance was deficient because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 687.

In addition to the presumption of reasonableness accorded to counsel's decisions, because the Supreme Court of Virginia rejected Salander's claims, review in this Court is "doubly deferential." Burt v. Titlow, 134 S. Ct. 10, 13 (2013) (quoting Cullen v. Pinholster, 131 S. Ct.

---

[6]     As both prongs of the test are "separate and distinct elements" of an ineffective assistance claim, Salander must satisfy both requirements of the test to prevail on the merits. Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994); see Strickland, 466 U.S. at 697.  Likewise, the court can address the elements in any order.  Additionally, the court reviews alleged errors of counsel individually, not cumulatively. Fisher v. Angelone, 163 F.3d 835, 852 (4th Cir. 1998).

[7]     The Supreme Court has defined a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005).

1388, 1403 (2011)); see, e.g., Burr v. Lassiter, 513 F. App'x 327, 340 (4th Cir. 2013) (unpublished) ("[W]here the issue is whether the state court has unreasonably applied Strickland standards to an ineffective assistance of counsel claim, 'double deference' is required – deference to the state court judgment granting deference to trial counsel's performance."); see also Yarborough v. Gentry, 540 U.S. 1, 6 (2003). As many courts have noted, "[i]f this standard is difficult to meet, that is because it was meant to be," and "even a strong case for relief does not mean that the state court's contrary conclusion was unreasonable." Burr, 513 F. App'x at 341 (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011)).

The Supreme Court has recently stressed the "high bar" petitioners must overcome to state a Sixth Amendment Strickland claim following a state court's denial of habeas relief. Woods v. Donald, 135 S. Ct. 1372, 1376 (2015) (per curiam). Federal habeas review, as controlled by Congress's enactment of § 2254, "exists as 'a guard against extreme malfunctions in the state criminal justice system, not a substitute for ordinary error correction through appeal.'" Id. (quoting Harrington, 462 U.S. at 102-03). Thus, to warrant federal habeas relief, the state court must have issued a decision contrary to a "clearly established holding of [the Supreme Court]," such that the ruling "was so lacking in justification that there was an error well understood and comprehended in existing law." Id. (quoting Harrington, 562 U.S. at 103). Accordingly in Woods v. Donald, the Supreme Court reversed the Court of Appeals' grant of § 2254 relief when defense counsel was absent from the courtroom for ten minutes of examination of a witness testifying to his client's codefendants' actions and the state habeas court had denied relief. Id. at 1376-77 ("Because none of our cases confront 'the specific question presented by this case,' the state court's decision could not be 'contrary to' any holding from this Court." (quoting Lopez v. Smith, 135 S. Ct. 1, 3-4 (2014) (per curiam))). "To determine whether a particular decision is 'contrary to' then-established law, a federal court must consider whether

8

the decision 'applies a rule that contradicts [such] law' and how the decision 'confronts [the] set of facts' that were before the state court." Pinholster, 131 S. Ct. at 1399 (citation omitted). Applying the foregoing standard, Salander's ineffective assistance claim does not present an "extreme malfunction[] in the state criminal justice system," warranting federal habeas relief. Id. at 1376.

In Salander's present habeas petition, he argues that his appellate counsel was constitutionally ineffective because he failed to raise the following issue on appeal – that the trial court had improperly excluded expert testimony, which had the consequence of depriving him of his due process right to present a defense – and this was a stronger argument than others raised by appellate counsel on direct appeal. (ECF Nos. 1, 14). Looking at the two-part Strickland test for Salander's ineffectiveness claim, the state habeas court concluded that he failed to show deficient performance or resulting prejudice. As to the performance prong, the state habeas court held that counsel's decision not to raise the issue on appeal was a tactical decision that was within the "significant latitude" given to appellate counsel "to develop a strategy that may omit meritorious claims in order to avoid burying issues in a legal jungle." Salander v. Clarke, No. CL110000572 (ECF No. 10-4, at 8-9) (quoting Burket v. Angeltone, 208 F.3d 172, 189 (4th Cir. 2000)). The state habeas court noted that "counsel is not constitutionally obligated to raise every possible claim on appeal and a failure to do so does not render counsel's performance deficient." Id. at 9.

As to the prejudice prong, the state habeas court held that Salander failed to satisfy that prong because he did not "demonstrate a reasonable probability that such a claim would have been successful on appeal." Id. at 6 (quoting Williams v. Warden of Sussex I State Prision, 685 S.E.2d 674, 678 (Va. 2009)). The court noted that had appellate counsel raised the issue on appeal, "[t]he trial court's decision to exclude petitioner's expert testimony would not have been

9

reversed on appeal absent an abuse of discretion," and there was no such abuse because the trial court acted within its discretion. Id. at 6-8 (citing Payne v. Virginia, 674 S.E.2d 835, 841 (Va. 2009)).

Neither the state habeas court's conclusion on performance nor on prejudice was contrary to clearly established federal law. That is, the state habeas court's conclusion was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103. The state habeas court offered a reasoned opinion applying Strickland and the presumption of reasonableness that is afforded to counsel's decision-making and tactics.

Turning to the evidence in the record, the trial judge heard arguments on the prosecution's motion in limine to exclude the defense's expert witness, Dr. Jeffrey Hancock. Trial Tr. at 6-14, Commonwealth v. Salander, Nos. CR08000616-00 – CR08000618-00. The defense sought to call Dr. Hancock as a psychology and linguistics expert to discuss "internet behavior," "deception online, [and] the dynamics of deception." Id. at 13. In voir dire outside the presence of the jury, Dr. Hancock stated that he studied "computerized textual analysis which allows us to analyze messages, like e-mail or chat messages … automatically, along with different linguistic categories that we think are important to psychological phenomena." Id. at 122-23. Dr. Hancock also explained that his research examined linguistic patterns to identify potential predators in chat rooms, and he studied the linguistic patterns of decoys in chat rooms to see if they had "linguistic traces of their actual age and gender." Id. at 125. If able to testify as an expert, Dr. Hancock indicated that he "would speak to Mr. Salander's expectations as to whether this person was who they said they were, and whether they may have been an adult for example," and "about the idea of role play and fantasy." Id. at 127-28. Dr. Hancock also stated that "I don't think anybody can tell exactly what Mr. Salander [was] thinking, but the behaviors

in the transcripts are consistent with somebody engaging in role-playing." Id. at 128. The prosecution argued that testimony as to whom Salander thought he was chatting would go to the "ultimate issue," "invade[d] the province of the jury," and ultimately, Dr. Hancock would "testify as a human lie detector test." Id. at 128. The trial judge granted the Commonwealth's motion and excluded Dr. Hancock's testimony. Id. at 129.

On direct appeal, Salander's counsel did not argue that Dr. Hancock's testimony was improperly excluded. Instead, his appellate counsel presented three issues: (1) the sufficiency of the evidence to support his three separate convictions, (2) the constitutionality of the charges, and (3) the denial of his Batson challenge. Pet. Appeal, Salander v. Commonwealth, No. 2350-09-1 (Va. Ct. App. Apr. 21, 2010) (ECF No. 10-2, at 1-31). Salander now argues that had his appellate counsel raised the issue of the exclusion of Dr. Hancock's testimony, the outcome of his direct appeal would have been different.

Although the court's exclusion of Dr. Hancock's testimony was an appealable issue, Virginia precedent on the issue supports the trial court's decision and explains why appellate counsel did not raise the issue on appeal. See, e.g., Payne v. Virginia, 674 S.E.2d 835, 841 (Va. 2009) ("A trial court's admission of expert testimony is in the sound discretion of the trial court."); Jenkins v. Virginia, 492 S.E.2d 131, 132 (Va. 1997) ("Expert opinion on an ultimate fact in issue is inadmissible in a criminal case because it 'invade[s] the province of the jury.' " (alteration in original) (quoting Llamera v. Commonwealth, 414 S.E.2d 597, 598 (Va. 1992)); Downing v. Virginia, 496 S.E.2d 164, 167 (Va. Ct. App. 1998) ("The defendant bears the burden of showing a 'particularized need' for expert assistance based on the circumstances of the case, and the question of whether a defendant has made that showing rests within the discretion of the trial court. Therefore, we will not disturb the decision of the trial court unless it is plainly wrong or without evidence to support it." (citations omitted)); c.f. James v. Virginia, 487 S.E.2d 205,

(Va. 2005) ("It is well settled in this Commonwealth that the credibility of witnesses and the weight to be given to their testimony are questions exclusively for the jury. The settled law of this Commonwealth simply does not permit a defendant to ask a witness to opine whether another witness is 'capable of lying.' The finder of fact, in this instance the jury, must determine a witness' veracity." (citations omitted)).

Salander argues that had Dr. Hancock testified, he "would not have addressed Salander's intent or purpose in 'soliciting.' " Br. Opp. Resp't's Mot. Dismiss, (ECF No. 14, at 12). Instead, Salander argues that:

> the defense asked that Dr. Hancock be permitted to testify concerning the objective issue of whether Salander, as an Internet chat room visitor under these particular circumstances and in light of these particular chat logs, would "have reason to believe" "Lisa" was "a child less than 15 years of age." This is not the same as intent. It was not the province of the jury and not the ultimate question. It was an issue on which the jury would have been aided by expert testimony.... Dr. Hancock simply would have testified ... giving the jury more information for determining (but not deciding for the jury) whether Mr. Salander had "reason to believe" that "Lisa" was "a child less than 15 years of age" or, whether the reality of the Internet showed the opposite.

Id. at 12-13 (quoting Va. Code Ann. § 18.2-374.3(C)). In fact, counsel's characterization of the proffered testimony seems to go further than Dr. Hancock's own statements to the trial judge. But, even accepting that characterization as accurate, the state court did not unreasonably exclude his testimony.

As the state habeas court noted, admitting expert testimony is within the discretion of the trial court. The trial court's decision "would not have been reversed on appeal absent an abuse of discretion," and "[t]he [trial] [c]ourt did not abuse its discretion in disallowing this testimony because it went to the ultimate issue of whether Salander knew or had reason to know the person he was soliciting online for sex was a minor." Salander v. Clarke, No. CL110000572 (ECF No. 10-4, at 6-9) (citing Payne, 674 S.E.2d at 841; John v. Im, 559 S.E.2d 694, 696-97 (Va. 2002)).

Moreover, based on the language of Virginia Code § 18.2-374.3(C), which prohibits "any person 18 years of age or older [from using] a communications system ... for the purposes of soliciting, with lascivious intent, any person he knows or has reason to believe is a child younger than 15 years of age," it was not unreasonable for the trial court to exclude Dr. Hancock's testimony. Va. Code Ann. § 18.2-374.3. Under this section, Salander's belief about the chat recipient's age and his intent were directly at issue in his trial. The state habeas court noted that "Salander's expert proffered that he wanted to opine about Salander's 'expectations as to whether this person ... was who they said they were,' " Salander v. Clarke, No. CL110000572 (ECF No. 10-4, at 7), and following Virginia precedent, the trial court excluded the testimony.

Moreover, appellate counsel is given wide-latitude in determining which issues to raise on appeal. See Burket, 208 F.3d at 189. Virginia precedent vests trial courts with broad discretion in this area. Due to the significant amount of precedent regarding trial courts' discretion to exclude expert witnesses, Salander has not demonstrated that the outcome of his appeal would have been different had his counsel raised this issue. See Smith, 528 U.S. at 285-86, 288.

Finally, to the extent that Salander's due process right to present a defense was impacted by the exclusion of Dr. Hancock's testimony, due process affords any criminal defendant the right to compel witnesses to testify in his defense, but there are limits to this right. U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right ... to have compulsory process for obtaining witnesses in his favor."). But see Taylor v. Illinois, 484 U.S. 400, 414 (1988) (holding that "the mere invocation of that right [to compel witnesses] cannot automatically and invariably outweigh countervailing public interests," such is the case when discovery violations related to witnesses are willful). A criminal defendant does not, for example, have an "unfettered right to offer testimony that is incompetent, privileged, or

13

otherwise inadmissible under standard rules of evidence." Taylor, 484 U.S. at 410; see Holmes v. South Carolina, 547 U.S. 319, 326 (2006) ("While the Constitution thus prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury.").   At Salander's trial, the court excluded Dr. Hancock's testimony because the court determined that he would testify as to an "ultimate issue" in the case.  Trial Tr. at 128, Commonwealth v. Salander, Nos. CR08000616-00 – CR08000618-00.  In the context of Salander's due process right to present a defense, the exclusion of Dr. Hancock's testimony was not contrary to established law because the presentation of witnesses must meet evidentiary and procedural requirements.  As discussed above, the trial court excluded Dr. Hancock's testimony only after hearing from him personally and evaluating arguments on a motion in limine.  This process is consistent with Virginia rules of procedure and evidence.

Although raising the exclusion of Dr. Hancock's testimony was a possible appellate strategy, the state habeas court's application of Strickland and its mandated deference to counsel's strategic decisions was not manifestly unreasonable.   Counsel's choices are presumptively reasonable, Pinholster, 131 S. Ct. at 1404, and "there is a strong presumption that [counsel took certain actions] for tactical reasons rather than through sheer neglect."  Id. at 1404 (quoting Strickland, 466 U.S. at 690).  Based on the evidence in the record and Virginia precedent, as discussed by the state habeas court, there was a reasonable basis to exclude the expert testimony.

### III.   **RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss (ECF No. 8) be GRANTED and that Salander's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and the claims DISMISSED with prejudice.

### IV.   **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.      Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendation within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.      A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

_____/s/_____
Douglas E. Miller
United States Magistrate Judge

_____
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
October 27, 2015